# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

RANDY KINGSLEY,

              Plaintiff,

    v.                                    Case No. 08-CV-946

HUF NORTH AMERICA AUTOMOTIVE
PARTS MANUFACTURING CORP.,

              Defendant.

_____

## ORDER

On November 11, 2008, plaintiff filed his Complaint (Docket #1) in which he claims: I) that defendant violated a settlement agreement previously entered into between the parties; and II) that defendant violated the Wisconsin Sales Representative Act, Wis. Stat. § 134.93. Plaintiff alleges jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, stating that plaintiff is a citizen of Michigan, and defendant is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Plaintiff claims that he is entitled to approximately $30,000 as to his first claim, and up to $60,000[1] for his second claim. Together, these claims meet the jurisdictional amount-in-controversy requirement.

On January 7, 2009, defendant filed a Motion to Dismiss (Docket #3) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that plaintiff's first claim fails because the settlement agreement that defendant allegedly breached (thus giving rise to this

---

[1] Plaintiff's second claim is based on the same facts as his first claim, yet is brought under a statute which authorizes awards of up to 200% of unpaid commissions.

action) specifically states that defendant will only be liable for breach of the settlement agreement if there is "clear and convincing evidence of fraud," yet plaintiff has not pled fraud. Because plaintiff has not pled fraud, defendant also argues that plaintiff's claim should be dismissed under Fed. R. Civ. P. 9(b). Defendant asserts that plaintiff's second claim fails because the Wisconsin Sales Representative Act only applies to unpaid commissions between a "principal" and a "sales representative," yet the entirety of plaintiff's claim is based on defendant's failure to make payments under a settlement agreement. Not only did the settlement agreement release defendant from any claims plaintiff had against defendant as of the date of the agreement, it also terminated the "principal/independent sales representative" relationship between the two parties. Thus, defendant argues, Wis. Stat. § 134.93 is completely inapplicable. Because the court agrees with defendant as to the appropriateness of dismissal of plaintiff's second claim, and because plaintiff's first claim is only for $30,000, the court has no reason to reach the merits of this claim. Thus, the court is obliged to grant defendant's Motion to Dismiss as to plaintiff's second claim, and, therefore, dismisses this action for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff and defendant executed a sales representative agreement that became effective January 1, 2004. (Compl., Ex. A). Pursuant to that agreement, plaintiff became defendant's "exclusive independent sales representative" for North

-2-

America. (Compl., Ex. A at 1). In November of 2007, plaintiff and defendant entered into a settlement agreement in order to resolve disputes regarding certain sales commissions plaintiff claimed that defendant owed him. (Compl. ¶ 5). Paragraph 4 of the settlement agreement set out a schedule by which defendant would pay plaintiff his outstanding commission payments. (Carbine Aff., Ex. A ¶ 4). Plaintiff alleges that defendant failed to comply with paragraph 4 of the settlement agreement. That alleged contractual breach gave rise to this case.

## ANALYSIS

### 1. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of a plaintiff's complaint by asserting that the plaintiff failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint need only provide a short and plain statement of the claim, showing that the pleader is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). A pleader must show through his allegations that he is plausibly entitled to relief, instead of merely speculatively entitled to relief. *Id.* A court appropriately dismisses an action under Rule 12(b)(6) if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The

Case 2:08-cv-00946-JPS   Filed 05/21/09   Page 3 of 12   Document 22

court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Normally, the court cannot consider documents outside the pleadings before the district court unless the court converts the defendant's Rule 12(b)(6) motion to one for summary judgment and allows the plaintiff to submit additional evidentiary material of his own. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). However, a defendant may introduce pertinent documents upon which the plaintiff's action is based if the plaintiff failed to do so. *Id.* These documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Id.* In the instant case, the settlement agreement is referred to in plaintiff's complaint and is central to plaintiff's claim, thus it constitutes part of the pleadings, and the court may consider it within the context of defendant's Rule 12(b)(6) motion.

## 2.    Plaintiff's Claim under Wis. Stat. § 134.93

The second claim in plaintiff's complaint alleges violation of Wis. Stat. § 134.93, which states: "a commission becomes due as provided in the contract between the principal and the independent sales representative." Wis. Stat. § 134.93(2). The statute imposes civil liability for failure to pay a commission: "Any principal that violates sub. (2) by failing to pay a commission due to an independent sales representative as required under sub. (2) is liable to the independent sales

-4-

representative for the amount of the commission due and for exemplary damages of not more than 200% of the amount of the commissions due."   Wis. Stat. § 134.93(5).

There is no question as to the fact that defendant and plaintiff were in a "principal/independent sales representative" relationship during the tenancy of the sales representative contract entered into by the parties.  That relationship, however, definitively ended either before or on November 27, 2007, the date the parties executed the settlement agreement.  (Carbine Aff., Ex. A ¶ 2).  The settlement agreement states: "Subject to Paragraphs 4 and 5 of this Agreement, Huf and Kingsley agree and stipulate that any and all relationships existing between them, including but not limited to the Sales Representative Agreement, are fully and finally terminated."  (Id.).  This language precludes plaintiff from arguing that the "principal/independent sales representative" relationship between the parties at the time of the commencement of this suit was the relationship created by the sales representative agreement.  Additionally, the fact that plaintiff waived the right to any claim he may have had against defendant as of November 27, 2007,  (Id. ¶ 3), means that plaintiff cannot now base his § 134.93 action on claims that arose during the tenancy of that original "principal/independent sales representative" relationship created by the sales representative agreement.  Thus, the only way plaintiff could seek to state a claim under § 134.93 would be to argue that the settlement agreement itself gave rise to a "principal/independent sales representative"

-5-

relationship, and that defendant's alleged breach of the settlement agreement constituted a failure to pay a commission, and thus a violation of § 194.93(2).

Though plaintiff asserts that the parties remained in a "principal/independent sales representative" relationship, and that the payments to be made pursuant to the settlement agreement were "commissions," he points to no authority to support the premise that breach of a settlement agreement could give rise to a claim under § 134.93. Defendant, for its part, argues that the parties were no longer in a "principal/independent sales representative" relationship, though defendant does seem to agree that the payments to be made under the settlement agreement were "commissions." (Def.'s Reply Brief Supp. Mot. Dismiss at 5). Like plaintiff, defendant also cites no authority for its argument.

Based purely on the parties' arguments, the court concluded that plaintiff has failed to state a claim under § 134.93 because plaintiff and defendant terminated their "principal/independent sales representative" relationship when they entered into the settlement agreement, and plaintiff waived all claims plaintiff may have against defendant based on that, or any other, relationship. The only relationship between plaintiff and defendant after the signing of the settlement agreement is purely the relationship created by the settlement agreement. Contrary to plaintiff's assertions, the settlement agreement does not create a "principal/independent sales representative" relationship. Plaintiff cannot be said to be an "independent sales representative" under the settlement agreement, because § 134.93 defines such as:

-6-

"a person . . . who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission."  Wis. Stat. § 134.93(1)(b).  The only contract between plaintiff and defendant, the settlement agreement, does not involve the solicitation of orders.  Nor does it involve compensation by "commission."  A "commission" is "compensation accruing to an independent sales representative for payment by a principal, the rate of which is expressed as a sales percentage of the dollar amount of orders or sales made by the independent sales representative or as a percentage of the dollar amount of profits generated by the independent sales representative."  Wis. Stat. § 134.93(1)(a) The unpaid payments forming the basis of the instant action do not meet that definition of a "commission" because:  1) plaintiff is not an independent sales representative (at least vis a vis defendant); and 2) the payments do not accrue as the result of orders or sales made by plaintiff - they accrue as a result of the settlement agreement.  It is irrelevant that the settlement agreement uses the same schedule to calculate the payments as was used under the sales representative agreement.  Whether § 134.93 applies or not is dictated by the contractual relationship between the parties, not the manner in which the payments between the parties are calculated.  Because the settlement agreement did not create a "principal/independent sales representative" contractual relationship between the parties, breach of the settlement agreement cannot give rise to a claim under § 134.93.

Though the court thinks the foregoing logic is clear and is based on the plain language of the statute, the court also finds that this logic is supported by applicable case law. Though the question before the court – whether a settlement agreement, which was entered into to resolve a dispute regarding unpaid commissions between a principal and an independent sales representative, when breached gives rise to a claim under an applicable sales representative act – is a novel question, it is not a unique one.

The Sixth Circuit Court of Appeals was presented with a substantially similar question in *Converge, Inc. v. Topy America, Inc.*, 2009 WL 596109 (6th Cir. 2009). In that case, Converge had previously contracted to solicit sales orders for Topy. *Id.* at 1. When Topy failed to pay Converge a portion of the fees Converge felt it was due, it filed suit against Topy. *Id.* The two parties resolved their dispute and entered into a settlement agreement. *Id.* The settlement agreement set forth commission-based payments to be made from Topy to Converge. *Id.* at 2. When Topy failed to make all those payments, Converge brought suit under the Michigan Sales Representative Commission Act, Mich. Comp. Laws § 600.2961, a statute which is, for all applicable purposes, essentially identical to Wis. Stat. § 134.93. The *Converge* court acknowledged that because the original claim that led to the settlement agreement was "based on Converge's solicitation of sales on behalf of Topy America, and because the settlement amount is expressed in terms of a commission, there may appear to be an overlap between the terms of the settlement

agreement and the type of contract contemplated in the statute." *Converge*, WL 596109 at 6. However, the court held that despite any apparent overlap, the statute was inapplicable, in part because "[a]lthough there are 'commissions' due Converge under the settlement agreement, they are not, strictly speaking, in payment for the successful solicitation of orders but as the *quid pro quo* for settlement of the lawsuit." *Id.* at 6.

This rationale is a natural extension of that expressed by Judge Alesia of the Northern District of Illinois, in *AA Sales & Associates, Inc. v. JT & T Products Corp.*, 48 F. Supp. 2d 805 (N.D. Ill. 1999). In that case, the defendant had previously entered into a settlement agreement with plaintiff under which defendant "agreed to pay . . . [plaintiff] commission on all gross sales to the [Ristance Account]." *Id.* at 806. Some time after that settlement agreement was signed, defendant sold its customer base, including the Ristance Account, to a third party. *Id.* That third party did not assume defendant's liabilities to plaintiff under the settlement agreement. *Id.* After the sale, plaintiff did not receive any commission payments on the Ristance Account. Plaintiff brought suit under the Illinois Sales Representative Act ("ISRA"), Ill. Comp. Stat. § 120, which is essentially identical to Wis. Stat. § 134.93. Judge Alesia dismissed plaintiff's ISRA claim on defendant's Rule 12(b)(6) motion, holding that "plaintiff [could not] seek recovery for the money allegedly due to [it] under the Settlement Agreement via the ISRA" because that money was "due to plaintiff[]

-9-

under the terms of the Settlement Agreement and [was] not "commissions" as that term is defined by the ISRA." *AA Sales & Associates*, 48 F.Supp.2d at 808.

The court finds Judge Alesia's rationale compelling, though the facts are arguably distinguishable, as the underlying claim that gave rise to the settlement agreement in that case was not for unpaid sales commissions. Yet, the crucial, and applicable, premise is that breach of a settlement agreement that structures payments as commissions does not give rise to a sales representative act claim. As for *Converge*, it is nearly directly on point, as it holds that breach of a settlement agreement, entered into to resolve a dispute as to unpaid commissions, does not give rise to a sales representative act claim. This court finds that these two cases, coupled with its own, previously discussed, interpretation of the plain meaning of the statute, compels dismissal of plaintiff's § 134.93 claim.

**3.     Jurisdictional Effect of Dismissal of Plaintiff's Wis. Stat. § 134.93 Claim**

In determining the jurisdictional effects of the Rule 12(b)(6) dismissal of plaintiff's § 134.93 claim, the court is cognizant that: "A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir.1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, "[i]f the pleadings themselves reveal to a legal certainty that plaintiff cannot recover enough to satisfy the amount in controversy requirement, then dismissal for lack of subject

matter jurisdiction is proper.*" Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 233 (6th Cir. 1997).

Because plaintiff's first claim, the only remaining claim, only alleges damages of approximately $30,000, a number far below the jurisdictional minimum, it is clear that plaintiff's claim fails to meet the threshold to satisfy the amount-in-controversy requirement. It is true that "events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 290. However, where a court finds, as this court has found, on the face of the pleadings, as well as the documents that are part of the pleadings,[2] that one of plaintiff's claims is deficient, that is not a subsequent event. The reason for this is the fact that a claim dismissed on a Rule 12(b)(6) motion is "defective from the start." *Saglioccolo*, 112 F.3d at 233. This result is only logical, as otherwise a plaintiff would be free to fill his complaint with clearly deficient claims simply in order to meet the amount-in-controversy requirement. Were courts to allow plaintiffs to secure federal jurisdiction through the pleading of facially deficient claims, the amount-in-controversy requirement would be rendered meaningless.

---

[2] As previously explained, in the instant case, the settlement agreement is properly considered part of the pleadings as it is referred to in plaintiff's complaint, and is central to plaintiff's claim. *See Venture Associates Corp.*, 987 F.2d at 431.

Case 2:08-cv-00946-JPS   Filed 05/21/09   Page 11 of 12   Document 22

**CONCLUSION**

Plaintiff has failed to state a claim pursuant to which relief may be granted under Wis. Stat. § 134.93. The only other claim in plaintiff's complaint alleges only $30,000 in damages. Thus, because it is apparent from the face of plaintiff's pleadings that he cannot recover the jurisdictional amount-in-controversy sum, the court does not have jurisdiction under 28 U.S.C. § 1332, and, therefore, must dismiss this case. As a result, the court has no need to consider plaintiff's first claim, and the court makes no findings regarding that claim.

Accordingly,

**IT IS ORDERED** that defendant's Motion to Dismiss (Docket #3) be and the same is hereby **GRANTED** as to plaintiff's second claim; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** with **PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-12-